IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DR. JAMES L. CRAWFORD, (TDCJ #797416) Petitioner, | § § § § § |
| v. | § CIVIL ACTION NO. H-17-1676 |
| LORIE DAVIS, Respondent. | § § § § |

**MEMORANDUM AND OPINION**

Texas state inmate Dr. James L. Crawford filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of his release onto parole. The respondent, Lorie Davis, answered and moved for summary judgment, to which Crawford responded. Crawford also moved for a preliminary injunction and filed a motion for reconsideration, a motion for issuance of a warrant, a motion for a temporary restraining order, and a motion for discovery. (Docket Entries No. 16, 17, 19, 20, 21, 22, 23). Based on careful consideration of the pleadings, the motions, the record, and the applicable law, this court concludes that Crawford has not stated meritorious grounds for federal habeas relief, denies his § 2254 petition, and, by separate order, enters final judgment. The reasons for these rulings are explained below.

**I.     Background**

In 1997, Crawford was convicted in a Harris County, Texas court in Cause Number 716452 for the offense of burglary of a habitation with intent to commit theft. He was sentenced to a 50-year prison term. Crawford pleaded guilty to one charge of burglary of a habitation and one charge of unlawful use of a criminal instrument and was convicted in a Montgomery County, Texas court.

(Cause Numbers 10-10-10796-CR and 10-12-13648-CR). In March 2011, he was sentenced to concurrent 25-year prison terms in these cases.

In this federal habeas petition, Crawford challenges the denial of his release on parole, not his underlying convictions or sentences. Crawford has previously filed numerous applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge his convictions as well as to assert his parole-related claims. *See generally, Ex parte Crawford*, Application Nos. WR-46,267-01 through WR-46,267-19. He contends that the Texas Board of Pardons and Paroles improperly denied him "mandatory supervision" parole, depriving him of his right to due process, and that the state habeas trial court improperly denied his writ application because he had previously filed a complaint against the presiding judge, violating his right to equal protection.[1] Crawford's claims and arguments, with the respondent's, are analyzed against the record and the applicable legal standards.

## II.  The Legal Standards

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). Although Rule 56 applies in the context of habeas corpus cases, *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

---

[1] Docket Entry No. 1, at 6–7.

AEDPA limited both the nature and availability of habeas review. General summary judgment standards apply to the extent they do not conflict with AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Crawford is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Crawford's federal habeas petition. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III. Discussion

A Texas inmate can become eligible for early release in two ways. The first is by parole; the second is by mandatory-supervision release. Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). Mandatory supervision is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Parole is discretionary, but an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Crawford's TDCJ records show that he does not

yet have enough good-time and flat-time credits to be eligible for mandatory supervision review.[2] The issue is parole.

Federal habeas relief cannot be granted unless Crawford alleges deprivation of a right secured to him by the United States Constitution, or the laws of the United States. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007) (citing *Hillard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A state has no duty to establish a parole system, and there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) ("statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (the Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). It is well settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th

---

[2] Docket Entry No. 16-1.

Cir. 1997). Because Crawford has no right to, or liberty interest in, parole, he cannot state a due process claim based on the decision to deny it.

Crawford's claim of state habeas error is also deficient. "[I]nfirmities" or errors that occur during state collateral review proceedings "do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (citations omitted). A habeas petitioner must demonstrate federal "constitutional error at the trial or direct review" before a federal court may issue the writ. *Morris*, 186 F.3d at 585 n.6. As discussed above, Crawford does not establish an error of constitutional proportion. His dissatisfaction with the state collateral review proceedings (as opposed to the state court's findings, conclusions, and determinations) provides no basis for federal habeas relief.

Crawford fails to state an actionable basis for federal habeas relief.

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 16), is granted; Crawford's motion to deny the respondent's motion for summary judgment, (Docket Entry No. 17), is denied; Crawford's petition for a writ of habeas corpus, (Docket Entry No. 1), is denied; and this case is dismissed with prejudice. Crawford's motion for preliminary injunction, (Docket Entry No. 19), motion for reconsideration, (Docket Entry No. 20), motion for issuance of warrant, (Docket Entry No. 21), motion for temporary restraining order, (Docket Entry No. 22), and motion for discovery, (Docket Entry No. 23), are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Crawford stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on April 30, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge